## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
## HARRISBURG DIVISION

| | | |
|---|---|---|
| **ASHER BRONSTIN,** *individually and on behalf of all others similarly situated*, | ) ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **1:25-cv-01410-JKM** |
| | ) | |
| **UPSTART NETWORK, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### UPSTART NETWORK, INC.'S
### ANSWER AND AFFIRMATIVE DEFENSES

**COMES NOW** Defendant Upstart Network, Inc. ("Upstart"), by and through its undersigned counsel, and hereby files this Answer and Affirmative Defenses to the Class Action Complaint submitted by Plaintiff Asher Bronstin ("Plaintiff"), stating as follows:

1.    Upstart admits that the citation referenced in Paragraph 1 speaks for itself and denies any inconsistent or alternative characterizations, demanding strict proof thereof.

2.    Upstart admits that Plaintiff purports to bring a claim against Upstart under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). Upstart denies that it committed any wrongdoing, that Plaintiff experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that

Plaintiff is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

3.      Upstart admits that Plaintiff purports to bring class claims but denies the remaining allegations in Paragraph 3 and demands strict proof thereof.

4.      Upstart denies the allegations in Paragraph 4 and demands strict proof thereof.

## PARTIES

5.      Upstart is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 5 and, therefore, denies the same and demands strict proof thereof.

6.      Upstart admits that it is a Delaware corporation, that it is registered to conduct business within Pennsylvania, and that its registered agent for service of process in Pennsylvania is located in Dauphin County, Pennsylvania. To the extent the allegations in Paragraph 6 are intended to stand for additional or alternative propositions, they are denied and Upstart demands strict proof thereof.

## JURISDICTION AND VENUE

7.      Paragraph 7 calls for a legal conclusion to which no response from Upstart is necessary. To the extent a response is required, Upstart admits that 28 U.S.C. § 1331 and 47 U.S.C. § 227(b)(3) speak for themselves and denies any

inconsistent or alternative characterization of the same, demanding strict proof thereof.

8.      Paragraph 8 calls for a legal conclusion to which no response from Upstart is necessary. To the extent a response is required, Upstart admits only that it is registered to conduct business in Pennsylvania. Otherwise, denied.

9.      Paragraph 9 calls for a legal conclusion to which no response from Upstart is necessary. To the extent a response is required, Upstart admits only that 28 U.S.C. § 1391(b)(1) speaks for itself and denies any inconsistent or alternative characterizations of the same, demanding strict proof thereof. Upstart denies that venue is proper in this Court and demands strict proof thereof.

## **BACKGROUND**

10.      Upstart admits only that the citation referenced speaks for itself and denies any inconsistent or alternative characterization of the same. Otherwise, denied.

11.      Upstart admits only that the citation referenced speaks for itself and denies any inconsistent or alternative characterization of the same. Otherwise, denied.

12.      Upstart admits only that the citations referenced speak for themselves and denies any inconsistent or alternative characterization of the same. Otherwise, denied.

13.    Upstart admits only that the "findings" referenced in Paragraph 13 speak for themselves and denies any inconsistent or alternative characterization of the same. Otherwise, denied.

14.    Upstart admits only that the citation referenced in Paragraph 14 speaks for itself and denies any inconsistent or alternative characterizations of the same. Otherwise, denied.

## FACTUAL ALLEGATIONS

15.    Paragraph 15 calls for a legal conclusion to which no response from Upstart is necessary. To the extent a response is required, Upstart is without sufficient knowledge or information to form a belief as to the truth of the allegations and, therefore, denies the same and demands strict proof thereof.

16.    Upstart believes that the allegations in Paragraph 16 call for a legal conclusion to which no response is required from Upstart. To the extent that a response is required, Upstart denies that Plaintiff received any call from this Defendant and demands strict proof thereof.

17.    Upstart believes that the allegations in Paragraph 17 call for a legal conclusion to which no response from Upstart is required. To the extent that a response is required, Upstart states that it is unclear what Plaintiff means by use of the phrases "Plaintiff's telephone number," and "residential" and "non-commercial" as used in Paragraph 17 and, therefore, is without sufficient knowledge or

information to form a belief as to the truth of the allegations and denies the same and demands strict proof thereof.

18.    Upstart believes that the allegations in Paragraph 18 call for a legal conclusion to which no response from Upstart is required. To the extent that a response is required, Upstart states that it is unclear what time-period Plaintiff is referencing and what Plaintiff means by use of the phrase "personal, residential, and household" as used in Paragraph 18 and, therefore, is without sufficient is without sufficient knowledge or information to form a belief as to the truth of the allegations, denies the same and demands strict proof thereof.

19.    Upstart believes that the allegations in Paragraph 19 call for a legal conclusion to which no response from Upstart is required. To the extent that a response is required, Upstart states that it is unclear what time-period Plaintiff is referencing and what Plaintiff means by use of the phrases "residential telephone line," "residential telephone exchange," and "telephone exchange service for businesses" as used in Paragraph 19 and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations, denies the same, demanding strict proof thereof.

20.    Upstart admits that review of its records does not reflect that Plaintiff had, or has an account with Upstart. Otherwise, Upstart is without sufficient

knowledge or information to form a belief as to the truth of the allegations in Paragraph 20 and, therefore, denies the same and demands strict proof thereof.

21.     Upstart believes that the allegations in Paragraph 21 call for a legal conclusion to which no response is required by Upstart. To the extent that a response is required, Upstart states that it is unclear what Plaintiff means by use of the terms "received" and "pre-recorded" as used in Paragraph 21 and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations, denies them and demands strict proof thereof. Upstart denies that the telephone number at issue was assigned to Plaintiff on May 12, 2024, May 19, 2024 or June 17, 2024 and demands strict proof thereof.

22.     Upstart denies that Plaintiff received any communication from Upstart and demands strict proof thereof. Upstart admits that certain calls originating from (833) 275-8522 are associated with Upstart.

23.     Upstart believes that the allegations in Paragraph 23 call for a legal conclusion to which no response is required from Upstart. To the extent that a response is required, Upstart denies that the telephone number at issue was assigned to Plaintiff on May 12, 2024 and demands strict proof thereof.

24.     Upstart believes that the allegations in Paragraph 24 call for a legal conclusion to which no response is required from Upstart. To the extent that a

response is required, Upstart denies that the telephone number at issue was assigned to Plaintiff on May 19, 2024, and demands strict proof thereof.

25.    Upstart believes that the allegations in Paragraph 25 call for a legal conclusion to which no response is required from Upstart. To the extent that a response is required, Upstart denies that the telephone number at issue was assigned to Plaintiff on June 16, 2024, and demands strict proof thereof.

26.    Upstart states that it is unclear what Plaintiff means by use of the term and phrases "possesses," "the calls," "very clearly demonstrate" and "pre-recorded" as used in Paragraph 26 and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations, denies the same and demands strict proof thereof.

27.    Upstart states that it is unclear what Plaintiff means by use of the term and phrases "pre-recorded," "voiced," "professional voice actor," "identical," "generic" and "the same" as used in Paragraph 27 of the Complaint and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations, denies the same and demands strict proof thereof.

28.    Upstart states that it is unclear what Plaintiff means by use of the phrase "nonconsensual encounters" as used in Paragraph 28 of the Complaint and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations, denies the same and demands strict proof thereof.

29.     Upstart states that it is unclear what Plaintiff means by use of the phrase "previous dealings" as used in Paragraph 29 and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations, denies the same and demands strict proof thereof. Upstart admits only that review of its records does not reflect that Plaintiff currently has or had an account with Upstart.

30.     Upstart believes that the allegations in Paragraph 30 call for a legal conclusion to which no response is required. To the extent that a response is required, Upstart states that it is unclear what Plaintiff means by use of the phrases "consented to" and "pre-recorded calls" as used in Paragraph 30 and, therefore, is without sufficient knowledge or information to form a belief as to the truth of the allegations, denies the same and demands strict proof thereof.

31.     Upstart believes that the allegations in Paragraph 31 call for a legal conclusion to which no response is required of Upstart. To the extent that a response is required, Upstart denies the allegations and demands strict proof thereof.

32.     Upstart believes that the allegations in Paragraph 32 call for a legal conclusion to which no response is required of Upstart. To the extent that a response is required, Upstart denies the allegations and demands strict proof thereof.

33.     Upstart believes that the allegations in Paragraph 33 call for a legal conclusion to which no response is required of Upstart. To the extent that a response is required, Upstart denies the allegations and demands strict proof thereof. Upstart

further denies that it committed any wrongdoing and that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and demands strict proof thereof.

34.    Upstart believes that the allegations in Paragraph 34 call for a legal conclusion to which no response is required of Upstart. To the extent that a response is required, Upstart denies the allegations and demands strict proof thereof. Upstart further denies that it committed any wrongdoing and that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and demands strict proof thereof.

## **CLASS ACTION ALLEGATIONS**

35.    Upstart incorporates by reference all other paragraphs of this Answer as if fully stated herein.

36.    Upstart believes that the allegations in Paragraph 36 speak for themselves, and that no response is necessary. To the extent a response is required, Upstart denies that Plaintiff can assert any claim individually or on behalf of a class, whether as defined in Paragraph 36 or otherwise, and demands strict proof thereof.

37.    Upstart denies the allegations in Paragraph 37 and demands strict proof thereof.

38.    Upstart denies the allegations in Paragraph 38 and demands strict proof thereof.

39.     Upstart denies the allegations in Paragraph 39 and demands strict proof thereof.

40.     Upstart denies the allegations in Paragraph 40, including subparagraphs (a) through (c) thereunder, and demands strict proof thereof.

41.     Upstart denies the allegations in Paragraph 41 and demands strict proof thereof.

42.     Upstart believes that the allegations in Paragraph 42 call for a legal conclusion to which no response is required. To the extent that a response is required, Upstart denies the allegations, including subparagraphs (a) through (d) thereunder, and demands strict proof thereof.

## COUNT I
### Statutory Violations of the Telephone Consumer Protection Act
### (47 U.S.C. § 227(b)) on behalf of the Robocall Class)

43.     Upstart incorporates by reference the foregoing responses as if fully set forth herein.

44.     Upstart believes that the allegations in Paragraph 44 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Upstart denies the allegations in Paragraph 44 and demands strict proof thereof.

45.     Upstart believes that the allegations in Paragraph 45 of the Complaint call for a legal conclusion to which no response is required. To the extent that a

response is required, Upstart denies the allegations and demands strict proof thereof. Upstart further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff or any putative class member is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

46.     Upstart believes that the allegations in Paragraph 46 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Upstart denies the allegations and demands strict proof thereof. Upstart further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff or any putative class member is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

47.     Upstart believes that the allegations in Paragraph 47 of the Complaint call for a legal conclusion to which no response is required. To the extent that a response is required, Upstart denies the allegations and demands strict proof thereof. Upstart further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damage as a result of any alleged action and/or inaction of this Defendant and that Plaintiff or any putative class

member is entitled to any judgment, damages, relief and/or award from this Defendant and demands strict proof thereof.

## PRAYER FOR RELIEF

48.     Upstart denies that Plaintiff is entitled to the relief requested in subparagraphs (A) through (G) appearing below the heading "**PRAYER FOR RELIEF**" and demands strict proof thereof. Upstart further denies that it committed any wrongdoing, that Plaintiff or any putative class member experienced any injury or damages as a result of any alleged action and/or inaction of this Defendant and that Plaintiff or any putative class member are entitled to any judgment, damages, relief and/or award from Upstart and demands strict proof thereof.

## DEMAND FOR JURY TRIAL

49.     In response to the unnumbered paragraph appearing below the heading "**DEMAND FOR JURY TRIAL**," Upstart admits that Plaintiff requests a trial by jury but denies that Plaintiff has stated any valid claim against Upstart that would entitle Plaintiff to a trial by jury and demands strict proof thereof.

50.     Upstart denies every allegation in the Complaint not expressly admitted and demands strict proof thereof.

51.     Upstart repeats the headings in the Complaint herein for organizational purposes. To the extent that those headings are intended to constitute allegations, they are denied and Upstart demands strict proof thereof.

## DEFENSES

### First Defense

Some or all of the claims asserted are subject to binding arbitration and should be resolved in arbitration, not this Court.

### Second Defense

The Complaint fails to state a claim upon which relief can be granted.

### Third Defense

Some or all of the claims asserted are barred by the First Amendment to the United States Constitution.

### Fourth Defense

To the extent that Plaintiff or any putative class member seeks to assert claims for purported violation of the Telephone Consumer Protection Act during the period in which the exemption for calls made solely to collect a debt owed to or guaranteed by the United States was in place, those claims fail to state a claim because the TCPA was unconstitutional.

### Fifth Defense

Some or all of the claims asserted are barred by the doctrines of consent, including but not limited to prior express consent, invitation or permission and prior express written consent.

## Sixth Defense

Neither Plaintiff nor the putative class members have experienced injury in fact as a result of any alleged conduct of Upstart and, therefore, they lack standing to prosecute some or all of the claims advanced in the Complaint.

## Seventh Defense

Neither Plaintiff nor the putative class members experienced any actual injury.

## Eighth Defense

Plaintiff and the putative class members failed to mitigate any alleged damages they claim to have experienced.

## Ninth Defense

To the extent that Plaintiff or the putative class members experienced any injury or damages, they were the result of an intervening and/or superseding cause for which Upstart cannot be held legally responsible.

## Tenth Defense

To the extent that Plaintiff or the putative class members experienced any injury or damages, they were the result of actions of entities or individuals for which Upstart is not legally responsible.

## Eleventh Defense

To the extent that any violation of the TCPA was committed by agents or employees of Upstart in direct contravention to established company policies, such

conduct by such agents or employees was unauthorized, outside the ambit of their direct duties, and not in furtherance but in direct contravention of Upstart's policies, and Upstart is not vicariously liable for such acts.

### Twelfth Defense

Upstart has established and implemented, with due care, reasonable and adequate practices and procedures to effectively prevent telephone calls in violation of the TCPA.

### Thirteenth Defense

Some or all of the claims asserted in the Complaint are barred by the doctrine of acquiescence.

### Fourteenth Defense

Some or all of the claims asserted in the Complaint are barred by the doctrines of ratification, res judicata, waiver and estoppel, including equitable, collateral and judicial estoppel.

### Fifteenth Defense

Some or all of the claims asserted in the Complaint are barred by the doctrine of unclean hands to the extent that Plaintiff and/or the putative class members' own actions are the cause of the conduct giving rise to the Complaint.

## **Sixteenth Defense**

Upstart is not liable because it acted in good faith in conformity with applicable rules, regulations, and statutory interpretations and in conformity with a formal opinion of the Federal Communications Commission.

## **Seventeenth Defense**

Plaintiff and the putative class members have not been legally harmed in any way by any action or inaction of Upstart.

## **Eighteenth Defense**

The Complaint fails to satisfy the requirements for class action treatment as prescribed by Federal Rule of Civil Procedure 23 and applicable case law.

## **Nineteenth Defense**

This action cannot be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (i) the questions of law and fact are not common to the, and the legal and factual issues differ from class member to class member; (ii) the claims or defenses of the representative parties are not typical of the claims or defenses of the putative class; and (iii) Plaintiff will not fairly and adequately protect the interests of the class.

**Twentieth Defense**

A class cannot be certified under the allegations of the Complaint without violating the United States and Pennsylvania Constitutional provisions regarding due process.

**Twenty-First Defense**

Upstart denies each and every material allegation of the Complaint as they relate to the request for class certification, and objects to any such class action certification on the following grounds:

a.      The Complaint fails to adequately define any class of persons who could properly maintain this action as a class action;

b.      The purported class representative has not sustained his burden of establishing standing;

c.      Upstart's time-based defenses, such as statutes of limitations, mandate the denial of class certification;

d.      Individualized determinations for each class member of controlling state substantive law and the applicability of different state substantive laws to claims by putative class members preclude class certification of a nationwide class;

e.      The putative class members are not ascertainable;

f.      A Rule 23(b)(2) class is inappropriate because Upstart has not acted or refused to act on grounds that apply generally to the proposed class;

g.     A Rule 23(b)(3) class is inappropriate because individualized issues predominate over common questions and because of manageability and superiority issues;

h.     Lack of commonality of questions of law;

i.     Lack of commonality of questions of fact;

j.     Lack of typicality;

k.     Lack of adequacy of representation;

l.     Lack of requirements for certification under Rule 23(b)(2) of the Federal Rules of Civil Procedure;

m.     Lack of requirements for certification under Rule 23(b)(3) of the Federal Rules of Civil Procedure;

n.     Individual issues predominate over common issues;

o.     A class action is not superior to other available methods for the fair and efficient adjudication of this controversy; and

p.     There are difficulties that are likely to be encountered in the management of a class action.

## **Twenty-Second Defense**

The telephone number placed at issue in the Complaint was not assigned to Plaintiff at the time of the alleged calls at issue.

**Twenty-Third Defense**

Some or all of the claims asserted in the Complaint are barred by the filing of prior bankruptcy proceedings, by the failure to list these claims as assets of their bankruptcy estate, by failing to contest their creditors' proofs of claim, and by the confirmation of their plans of reorganization, which serves as *res judicata* to the claims asserted in this case.

**Twenty-Fourth Defense**

The class definition proposed by Plaintiff defines an unascertainable class without the requirement of individual inquiries and mini trials.

**Twenty-Fifth Defense**

The U.S. District Court for the Middle District of Pennsylvania lacks personal jurisdiction over putative class members.

**Twenty-Sixth Defense**

The U.S. District Court for the Middle District of Pennsylvania is not a proper venue for litigation of putative class members' claims against Upstart.

**Twenty-Seventh Defense**

To the extent that any violation of the law occurred, which Upstart expressly denies, said violation resulted from a bona fide error notwithstanding Upstart's routine business practices intended to avoid such violation.

## Twenty-Eighth Defense

Some or all of the purported class members' claims are barred due to settlement.

## Twenty-Ninth Defense

Some or all of the claims asserted in the Complaint are barred by class action waiver agreements.

## Thirtieth Defense

Plaintiff is not an adequate or proper class representative.

## Thirty-First Defense

Some or all of the claims asserted are barred due to death.

## Thirty-Second Defense

The lawsuit should not be prosecuted in this venue pursuant to the doctrine forum non conveniens.

## Thirty-Third Defense

The Complaint, in asserting claims under the TCPA violates Upstart's right to due process provided for under the Fourteenth Amendment to the United States Constitution and Pennsylvania Constitutions, since the penalty prescribed is so severe and oppressive as to be wholly disproportionate to the alleged offense and obviously unreasonable.

**<u>Thirty-Fourth Defense</u>**

The amount of damages prescribed by the TCPA is so severe and oppressive as to be wholly disproportionate to the offense and obviously unreasonable, allowing the Court to reduce the damage award, if any. Thus, as applied in this case, any award of damages should be reduced to comport with due process.

**<u>Thirty-Fifth Defense</u>**

Some or all of Plaintiff's and putative class members' claims are time barred by the statute of limitations.

**<u>Thirty-Sixth Defense</u>**

Some or all of the claims are barred because any number called was not a cell phone number.

**<u>Thirty-Seventh Defense</u>**

This action cannot be maintained as a class action to the extent that it deprives Upstart of its due process rights to assert individualized defenses to claims of class members.

**<u>Thirty-Eighth Defense</u>**

Some or all of the claims asserted are barred by the doctrine of laches.

**<u>Thirty-Ninth Defense</u>**

Some or all of Plaintiff's and the putative class members' claims are barred due to reasonable reliance on consent provided by Plaintiff and the putative class.

### Fortieth Defense

Some or all of the claims asserted are barred because they consented to, authorized, approved and ratified receipt of the calls placed at issue.

### Forty-First Defense

Plaintiff and the putative class members' claims are barred by their own actions and/or inactions.

### Forty-Second Defense

Some or all of the claims asserted are barred by failure to comply with applicable conditions precedent.

### Forty-Third Defense

Plaintiff and the putative class members' claims are barred by and/or subject to the terms of agreement(s) with Upstart.

### Forty-Fourth Defense

Plaintiff's and/or the putative class members' claims are subject to set-off of all sums due and owing to Upstart, if any. Further, to the extent that some or all of the putative class members have outstanding balances that are subject to counterclaims, class certification is inappropriate.

### Forty-Fifth Defense

Some or all of the claims asserted may be barred by the doctrine of recoupment.

## Forty-Sixth Defense

Some or all of the claims asserted may be barred for lack of standing.

## Forty-Seventh Defense

The imposition of statutory or treble damages under the TCPA against Upstart would violate the due process provisions and/or prohibitions against excessive fines of the United States Constitution and/or the Commonwealth of Pennsylvania's Constitution.

## Forty-Eighth Defense

Upstart adopts and asserts all affirmative defenses available under the TCPA.

## Forty-Ninth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that any message featuring a prerecorded or artificial voice did not actually play.

## Fiftieth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent that Plaintiff and the putative class members are not a "called party" within the meaning of the TCPA.

## Fifty-First Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, by the primary jurisdiction of the Federal Communications Commission.

## Fifty-Second Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, because the alleged telephone calls and/or calls featuring a prerecorded or artificial voice have been exempted by statute, rule and/or by the FCC. *See, e.g.*, *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991 et al.*, 30 FCC Rcd 7961, 8031 at ¶ 146 (F.C.C. July 10, 2015); 47 C.F.R. § 64.1200.

## Fifty-Third Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, because the alleged telephone calls at issue are excepted from and/or do not fall within the purview of the TCPA.

## Fifty-Fourth Defense

Plaintiff's claims, and the claims of the putative class members, are barred, in whole or in part, to the extent they fall within the safe harbor for calls post reassignment.

### Fifty-Fifth Defense

Some or all of claims asserted here are barred by the terms and conditions of contract documents, including class action waiver provisions.

### Fifty-Sixth Defense

Some or all of the claims asserted are barred by any other matter that constitutes an avoidance or affirmative defense.

### Fifty-Seventh Defense

Plaintiff's claims, and the putative class members' claims are barred by Defendants compliance with 47 C.F.R. 64.1200(m).

### Fifty-Eighth Defense

To the extent that Plaintiff, and the putative class members received a single Ringless Voicemail (RVM), they cannot state a claim against this Defendant.

### RESERVATION OF DEFENSES

Upstart reserves the right to amend this Answer and assert additional defenses as discovery progresses.

Respectfully submitted this 22nd day of September, 2025.


/s/ Jackson C. Burrow
Jackson C. Burrow
Identification No. 335420
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5345
Jburrow@burr.com

*Counsel for Defendant*
UPSTART NETWORK, INC.

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on September 22nd, 2025, I electronically filed

the foregoing with the Clerk of Court using CM/ECF, which will serve a copy of the

aforesaid via Notice of Electronic Filing to:

Andrew Roman Perrong, Esq.
PERRONG LAW LLC
2657 Mt. Carmel Avenue
Glenside, PA 19038
Email: a@perronglaw.com
*Counsel for Plaintiff*

                                        */s/ Jackson C. Burrow*
                                        Jackson C. Burrow
                                        Identification No. 335420
                                        Burr & Forman LLP