Andrew R. Perrong
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529
Fax: 888-329-0305
E-mail: a@perronglaw.com

*Counsel for Plaintiff*

Joshua H. Threadcraft
Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-251-3000
E-mail: JThreadcraft@burr.com

*Counsel for Defendant Upstart Network, Inc.*

Jackson Burrow
PA Bar ID No. 335420
Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-458-5345
E-mail: JBurrow@burr.com

*Counsel for Defendant Upstart Network, Inc.*

# IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ASHER BRONSTIN, *individually and on* )
*behalf of all others similarly situated*, )
                                    )
     Plaintiff,                   )
                                    )
v.                                      )   Civil Action No. 1:25-cv-01410-JKM
                                     )   (Hon. Julia K. Munley)
UPSTART NETWORK, INC.,            )
                                      )
     Defendant.                 )

## JOINT CASE MANAGEMENT REPORT

Plaintiff Asher Bronstin ("Plaintiff") and Defendant Upstart Network, Inc. ("Defendant" or "Upstart") (collectively the "Parties"), by and through their respective undersigned counsel, having complied with the meet and confer requirements set forth in the LOCAL RULES or with orders specifically modifying their application in the above-captioned matter, hereby submit the following Joint Case Management Plan.

1. **Principal Issues.**

    1.1. **Separately for each party, please give a statement summarizing this case:**

    **By plaintiff(s):**

Plaintiff contends that the Defendant, placed at least three pre-recorded calls to his cell phone on the National Do Not Call Registry in violation of the TCPA. The Plaintiff has had no prior relationship with the Defendant and believes that the calls

were intended for someone else. Based on the foregoing conduct, the Plaintiff pleads the following class:

Robocall Class: Plaintiff and persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service or other protected service, but not assigned to a Defendant customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

### By defendant(s):

This case is still in the early stages and Defendant has not completed its investigation or factual discovery and reserves the right to supplement and/or amend this statement summarizing the case. Defendant states that based on its investigation to date, it does not appear that Plaintiff had an account with Defendant at the time of the alleged calls placed at issue. Defendant denies Plaintiff's remaining statement of facts and that Plaintiff can prevail on the claims asserted, whether individually or on behalf of putative class members.

### 1.2    The facts the parties <u>dispute</u> are as follows:

1.    Whether Plaintiff received the telephone calls placed at issue in the Complaint.

2.    Whether the calls at issue were made using a prerecorded voice.

3.    Whether the calls at issue delivered identical messages.

The Parties reserve the right to supplement and/or amend this statement.

### <u>Agree</u> upon are as follows:

1. Defendant placed at least three calls to the telephone number 760-484-7071.

2. Based on Upstart's investigation to date, Plaintiff does not have, and did not have, an account with Upstart.

The Parties reserve the right to supplement and/or amend this statement.

**1.3    The legal issues the parties <u>dispute</u> are as follows:**

1.    Whether Plaintiff can state a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b);
2.    Whether Plaintiff has standing to prosecute the claims at issue in the Complaint;
3.    Whether Plaintiff was assigned the telephone number placed at issue in the Complaint at the time of the calls placed at issue;
4.    Whether Plaintiff can satisfy the requirements for class certification; and
5.    Whether any alleged violation of the TCPA was "willful" or "knowing."

The Parties reserve the right to supplement and/or amend this statement.

**Agree upon are as follows:**

None.

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction or venue:**

Upon information and belief, Plaintiff is a resident and citizen of the State of California. Defendant is a Delaware Corporation with its principle place of business located in the State of California. According to the Complaint, the sole basis articulated for prosecuting this lawsuit in the State of Pennsylvania is that Defendant is "registered to do business in Pennsylvania, with its registered agent office address in Dauphin County, which lies within this District." Defendant reserves the right to challenge the venue in which litigation was initiated on *forum non conveniens* or other grounds. Additionally, Defendant also reserves the right to challenge whether the Court has personal jurisdiction over putative class members.

**1.5    Identify the named parties that have not yet been served:**

None.

**1.6    Identify any additional parties that:**

**plaintiff(s) intend to join:** None at this time.

**defendant(s) intends to join:** Defendant's preliminary investigation has raised questions regarding the assignment of the telephone number at issue in the Complaint both before and at the time of the alleged calls placed at issue. As a result, Defendant reserves the right to join additional Parties whose identity may come to light through discovery to the extent that discovery supports a claim against such individuals.

**1.7    Identify any additional claims that:**

**plaintiff(s) intends to add:** None at this time. Plaintiff reserves the right to allege violations of the TCPA's telemarketing regulations in the event discovery reveals that the calls were placed for telemarketing purposes.

**defendant(s) intends to add:** Defendant's preliminary investigation has raised questions regarding the assignment of the telephone number placed at issue in the Complaint both before and at the time of the alleged calls at issue. As a result, Defendant reserves the right to assert a counterclaim and join additional Parties whose identity may come to light through discovery to the extent that discovery supports such claims.

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

Defendant served initial disclosures on October 3, 2025.

**2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

**Disclosed by Plaintiff:**

| <u>**Name**</u> | <u>**Title/Position**</u> |
|---|---|
| Asher Bronstin | Plaintiff |
| T-Mobile | Wireless Carrier |
| Any individual identified in Defendant's Rule 26 disclosures, written discovery, third party discovery or deposition | Third Parties |
| The prior holder of the telephone number to which the calls were placed, | Third Parties |
| Dominic Taylor | Third Parties |

**Disclosed by Defendant:**

| <u>**Name**</u> | <u>**Title/Position**</u> |
|---|---|
| Asher Bronstin | Plaintiff |
| Corporate Representative(s) of Defendant | Defendant |
| T-Mobile | Wireless Carrier |
| Verizon | Wireless Carrier |
| Any individual identified in Plaintiff's Rule 26 disclosures, written discovery, third party discovery or deposition | Third Parties |
| The prior holder of the telephone number placed at issue in the case | Third Parties |

## 3.    Early Motions

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| Nature of Motion | Moving Party | Anticipated Filing Date |
|---|---|---|
| Motion to Bifurcate Discovery | Defendant | 10/9/2025 |
| Motion for Summary Judgment | Defendant | See Section 6. |
| Motion for Class Certification | Plaintiff | See Section 6. |

**4.    Discovery.**

**4.1    Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):** Plaintiff served initial discovery on Defendant on October 3, 2025.

**By defendant(s):**

**4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

The Parties disagree on how to conduct discovery, including the scope of Party and third party Discovery owing to the competing bifurcation proposals.

**4.3    Describe any <u>discovery</u> that one or more Parties want(s) to conduct but <u>to which another party objects</u>, indicating each such discovery undertaking its purpose or what kinds of information would be developed through it:**

The Plaintiff wishes to take immediately discovery into the classwide calling records possessed by the Defendant, which Plaintiff understands

to be held in electronic form, so that they can be analyzed by Plaintiff's expert, and cross-referenced with the Defendant's own customer records, as well as the Reassigned Number Database and other commercial databases showing reassigned numbers, at Plaintiff's expense.

Defendant opposes classwide discovery at the outset of the litigation on the grounds set forth in Section 4.4 and discussed in more detail in the to-be filed motion to bifurcate.

**4.4.    Identify any <u>subject area limitations on discovery</u> that one or more Parties would like imposed, at the first stage of or throughout the litigation:**

Defendant believes that discovery should initially be limited to discovery regarding assignment of the telephone number placed at issue in the Complaint at the time of the calls at issue; the relationship between Plaintiff and the individual assigned the phone number before it was assigned to Plaintiff; and the number of telephone numbers Plaintiff possesses, when and why those numbers were obtained.

**4.5    For each of the following discovery tools, <u>recommend the per-party or per-side</u> limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the Parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1 depositions (excluding experts) to be taken by:**
    **plaintiff(s): <u>10</u>    defendant(s): <u>10</u>**

**4.5.2 interrogatories to be served by:**
    **plaintiff(s): <u>25</u>    defendant(s): <u>25</u>**

**4.5.3 document production requests to be served by:**
    **plaintiff(s): <u>65</u>    defendant(s): <u>50</u>**

**4.5.4  requests for admission to be served by:**
    **plaintiff(s)  <u>50</u>    defendant(s): <u>50</u>**

### 4.5.6  Discovery of Electronically Stored Information

[X ]  Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

[  ]  Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0  Protective Order

**5.1  If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

The Parties anticipate that entry of a Rule 26(c) protective/confidentiality order governing the confidentiality of documents and information produced and obtained from third parties in discovery in this case may be necessary. The Parties intend to confer in good faith about such an order, and will submit it for the Court's consideration. To the extent that the Parties cannot reach an agreement, they will submit competing proposed orders for the Court's consideration.

**5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

N/A.

## 6.0  Scheduling

### 6.1  Final date for joining additional parties

*Plaintiff's Scheduling Proposal:*

As an initial matter, the Plaintiff opposes any bifurcated discovery.  As this Court has previously observed in denying a similar bifurcation proposal, Defendant's bifurcation proposal does not hinge on any pending motion or any defenses unique to the Plaintiff. The issue of whether the telephone number at issue was assigned to the Plaintiff, and whether the Plaintiff was Defendant's customer, is a uniform question that is common across the Class. And determining which numbers Defendant calls which were reassigned can be easily accomplished through readily-obtainable electronic records by Plaintiff's  expert at Plaintiff's expense. Thus, efficiency and judicial economy would actually be impeded by the Defendant's proposed litigation. Any resources and burden would be borne by Plaintiff.

Plaintiff therefore proposes that discovery be opened immediately and be conducted in accordance with the following proposal. Depending on the outcome of dispositive motions, the Court would then set an appropriate trial schedule:

Final date for joining additional parties: 4/10/2026

Final date for amending pleadings: 4/10/2026

All fact discovery to be completed by: 10/9/2026

All potentially dispositive motions, including motions for class certification should be filed by: 11/6/2026

All responses to potentially dispositive motions should be filed by: 12/21/2026

All replies in support of potentially dispositive motions should be filed by: 1/16/2027

Reports from Retained Experts due:

from plaintiff(s) by 7/10/2026

from defendant(s) by 9/11/2026

Supplementations due by 9/11/2026

All expert discovery commenced in time to be completed by <u>10/9/2026</u>.

This case may be appropriate for trial in approximately.

       <u>     </u> 240 Days from the filing of the action in this court

       <u>X</u>  365 Days from the filing of the action in this court

       <u>At an appropriate time after disposition of motions for class certification/dispostive motions</u>. Days from the filing of the action in this court

Suggested Date for final Pretrial Conference.

       <u>At an appropriate time after disposition of motions for class certification/dispositive motions.</u> (month/year)

*Defendant's Scheduling Proposal:*

Defendant respectfully submits that a short phased/bifurcated discovery schedule (where the parties conduct limited discovery regarding: (1) when the telephone number at issue was assigned to Plaintiff, (2) the number of telephone numbers assigned to Plaintiff, when and for what purpose those numbers were obtained; and (3) Plaintiff's relationship with the individual to whom the telephone number at issue in the Complaint was previously assigned before engaging in class discovery) would be an efficient and appropriate use of time, litigation resources and serve the ends of justice and judicial economy rather than engaging in full discovery.

These are narrow case-dispositive issues unique to Plaintiff in this case that can be quickly and efficiently resolved at the outset, may obviate the need for class discovery and potentially result in termination of the litigation.

Defendant proposes that the Court enter the following bifurcated discovery schedule:
- Discovery regarding the above-referenced limited topics to proceed for a period of ninety (90) to one hundred twenty (120) days after

entry of the Court's scheduling order (no class discovery allowed during this period);

- Opening summary judgment motions as to the merits of Plaintiff's individual claims, based on these issues, be due no later than thirty (30) days thereafter (though summary judgment motions may be filed at any point prior to this deadline);
- Oppositions to summary judgment motions due thirty (30) days after service of opening motions; and
- Reply briefs in support of summary judgment due fifteen (15) days after service of oppositions.

Defendant further proposes that either:

- class discovery begin only after: (1) the deadline to file a motion for summary judgment has passed with no motion being filed; or (2) a motion for summary judgment has been filed and ruled upon by the Court, or
- the Court set a further case management conference to set a schedule for class discovery, other discovery and all other case management deadlines after: (1) the deadline to file a motion for summary judgment has passed with no motion being filed; or (2) a motion for summary judgment has been filed and ruled upon by the Court.

*Joint Proposal (if bifurcation is denied):*

To the extent that this Court is not inclined to grant Defendant's Motion to bifurcate, the Parties respectfully propose the following:

6.1    Final date for joining additional parties:

4/10/2026    Plaintiff(s)

4/24/2026    Defendants (s)

6.2    Final date for amending pleadings:

4/10/2026    Plaintiff(s)

4/24/2026    Defendant(s)

6.3        All fact discovery to be completed by: <u>10/9/2026</u>

6.4        All potentially dispositive motions, including motions for class certification should be filed by: <u>11/6/2026</u>

    6.4.1  All responses to potentially dispositive motions should be filed by: <u>12/21/2026</u>

    6.4.2  All replies in support of potentially dispositive motions should be filed by: <u> 1/16/2027</u>

6.5        Reports from Retained Experts due:

    from plaintiff(s) by: <u>7/10/2026</u>

    from defendant(s) by: <u>9/11/2026</u>

6.6        Supplementations due by: <u>9/11/2026</u>

6.7        All expert discovery commenced in time to be completed by <u>10/9/2026</u>.

6.8        This case may be appropriate for trial in approximately.

    <u>     </u> 240 Days from the filing of the action in this court

    <u>     </u> 365 Days from the filing of the action in this court

    <u>At an appropriate time after disposition of motions for class certification/dispostive motions</u>. Days from the filing of the action in this court

6.9        Suggested Date for final Pretrial Conference.

    <u>At an appropriate time after disposition of motions for class certification/dispositive motions</u>. (month/year)

## 7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)

I hereby certify that the following individual(s) have settlement authority.

Andrew R. Perrong
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529
Fax: 888-329-0305
E-mail: a@perronglaw.com
*Counsel for Plaintiff*

Joshua H. Threadcraft
Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile:  205-413-8701
E-mail:      JThreadcraft@burr.com
*One of the attorneys for Defendant*

## 8.0    Alternative Dispute Resolution ("ADR")

### 8.1    Identify any ADR procedure to which this case already has been assigned or which the Parties have agreed to use.

ADR procedure. The Parties have agreed to engage in private ADR.

Date ADR to be commenced: <u>To be determined upon resolution of bifurcation issue</u>.

Date ADR to be completed: <u>To be determined upon resolution of bifurcation issue</u>.

### 8.2    If the Parties have been unable to agree on an ADR procedure, but one or more Parties believe that the case is appropriate for such a procedure, identify the party or Parties that recommend ADR and the specific ADR process recommended:

Defendant has found that settlement conferences with the Court can be of assistance to parties in resolving disputes, and believes that one would be beneficial in this case. Plaintiff is willing to have a settlement conference with the Court, but wishes to stress that such conference and settlement at this time would be on a classwide basis.

**8.3    If the Parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

N/A

**9.0    Consent to Jurisdiction by a Magistrate Judge Indicate whether all Parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

All parties agree to jurisdiction by a magistrate judge of this court: ___ Y ___ N   X .

If the parties agree to jurisdiction by a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre
_____ Harrisburg
_____ Williamsport

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

The Parties respectfully refer the Court to Section 6, *supra*.

The Parties have agreed to cooperate concerning matters of privilege and protecting confidential/proprietary information. The Parties request that the Court enter an order providing, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), that:

The Parties agree, and this Court Orders, that inadvertent disclosure of information protected by the attorney-client, work-product privilege, or any other privilege, or trial preparation material shall not constitute a waiver of a valid claim of privilege. The Parties further agree, and this Court Orders, that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree that the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The Parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The Parties further stipulate and agree to electronic service of discovery requests and responses. The Parties further stipulate to electronic service of discovery documents when deemed reasonable in the eyes of the producing Party.

## 11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

16

Dated:      <u>Andrew Roman Perrong</u>
                    Attorney(s) for Plaintiff(s)
            [X]   ECF User(s)
            [ ]   Waiver requested (as separate document)
            [ ]   Fed.R.Civ.P. 7.1 (statement if necessary)

Dated:      10/3/2025 <u>Jackson Burrow</u>
                       Attorney(s) for Defendant(s)
            [x]        ECF user(s)
            [ ]
            [x]   Fed.R.Civ.P. 7.1 (statement if necessary)*


   * Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.




RESPECTFULLY SUBMITTED AND DATED this 3rd day of October, 2025.


                        <u>*/s/ Andrew Roman Perrong*</u>
                        Andrew Roman Perrong, Esq.
                        PA Bar #333687
                        Perrong Law LLC
                        2657 Mount Carmel Avenue
                        Glenside, Pennsylvania 19038
                        Phone: 215-225-5529 (CALL-LAW)
                        Facsimile: 888-329-0305
                        a@perronglaw.com

/s Jackson Burrow
Jackson Burrow
PA Bar ID No. 335420
Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-458-5345
E-mail: JBurrow@burr.com

*Counsel for Defendant Upstart Network, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing via CM/ECF on the below date.

Date: October 3, 2025

/s Jackson Burrow
Jackson Burrow