# EXHIBIT 1

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ASHER BRONSTIN,** individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**UPSTART NETWORK, INC.**<br><br>*Defendant.* | Case No. 25-cv-1410 |

## PLAINTIFF'S FIRST SET OF DISCOVERY REQUESTS

Pursuant to Fed. R. Civ. P. 33, 34 and 36, Asher Bronstin ("Plaintiff") requests that Upstart Network, Inc. ("Defendant") answer and respond to the following interrogatories, requests for production, and requests for admission, under oath, and within 30 days.

### Definitions

A. The term "account records" means all documents, electronically stored information, and data, which Defendant maintains in the regular course of business for an account, customer, or person who requested an estimate or proposal.

B. The term "communication" includes the transmission or receipt of information, opinions, or thoughts, from one person to another person, whether made or accomplished orally, by document, or by electronically stored information, whether face-to-face, by telephone, by mail, by email, by facsimile, by personal delivery, or otherwise, including words transmitted by telephone or voice recording.

C. The phrase "discovery request" includes interrogatories, requests for production of documents and electronically stored information, and requests for admission.

D. The term "document" means that as defined by the Federal Rules of Civil Procedure.

E. "Electronically stored information" means that as defined by the Federal Rules of Civil Procedure.

F. The term "express consent" has the meaning set forth in the Telephone Consumer Protection Act.

1

      G.    Should a specific term be undefined, and should Defendant feel the term is ambiguous, please contact Plaintiff's counsel for clarification, or refer to the definition of the term as listed in the Merriam-Webster dictionary.

## Relevant Time Period

The relevant time period for Plaintiff's discovery requests, unless otherwise indicated, begins on July 30, 2021 and continues through the present.

## Interrogatories

1. Identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and (760) ▇-7071, including, but not limited to, any call which Defendant made, or caused to be made, to Plaintiff, or to (760) ▇-7071, in connection with which an artificial or prerecorded voice was used. This interrogatory includes identifying any entity Defendant retained, engaged, or employed to place calls or communications or attemopted communications to telephone number (760) ▇-7071.

2. Identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with (760) ▇-7071.

3. Identify the system or software Defendant used to document or otherwise memorialize details of communications, or attempted communications, between Defendant and Plaintiff, or between Defendant and (760) ▇-7071—including the date, time, substance of, and disposition of, the communications or attempted communications.

4. Identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to (760) ▇-7071, and the intended recipient(s) of Defendant's calls, including whether the calls were placed as part of a business relationship, agreement(s), or account(s) Defendant has, or had, with Plaintiff, as well as from whom, for what purpose, when, from where, why, and how, Defendant obtained or procured telephone number (760) ▇-7071 as it pertains to the calls identified in Plaintiff's amended class action complaint, ECF No. 1.

5. Identify the number of unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which an artificial or prerecorded voice was used.

6. For the telephone numbers Defendant identifies through its answer to interrogatory no. 5, identify the number of them for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

7. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-6, identify the number of them to which Defendant made, or caused to be made, a call or calls in connection with which an artificial or prerecorded voice was used, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

8. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-7, identify the number of them that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

9. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-8, identify the number of calls Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used.

10. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-9, identify the customer, potential customer, or accountholder name(s) and address(es) Defendant associates with each telephone number.

11. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-10, identify the number of calls Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

12. Identify the persons or unique telephone numbers that fall within the class definition found at paragraph 36 of Plaintiff's amended class action complaint, ECF No. 1, and, for each such person who falls within the class definition found at paragraph 36 of Plaintiff's amended class action complaint, ECF No. 1, identify those who Defendant believes provided prior express consent to receive artificial or prerecorded voice calls from Defendant.

13. Describe Defendant's efforts to verify or confirm that telephone number (760) ███-7071 was assigned to the intended recipient of Defendant's calls and/or was or was not a cellular telephone number.

14. Identify all telephone numbers from which Defendant placed or caused to be placed an outgoing call in connection with which an artificial or prerecorded voice was used.

15. For each affirmative defense Defendant asserts, state the factual basis and identify all

3

evidence on which Defendant relies in asserting it.

**Requests for Production**

1. Documents and electronically stored information referred to, or consulted, in the preparation of Defendant's answers and responses to Plaintiff's discovery requests.

2. Documents and electronically stored information sufficient to identify each communication, or attempted communication, between Defendant and Plaintiff, or between Defendant and (760) ■■■-7071, including documents sufficient to identify the hardware and software Defendant used in connection with its communications, or attempted communications, with Plaintiff, or with (760) ■■■-7071, as well as each such call to (760) ■■■-7071, in connection with which an artificial or prerecorded voice was used, together with, if applicable, documents sufficient to identify any vendors or other third parties who made calls on behalf of Defendant to telephone number (760) ■■■-7071, in connection with which an artificial or prerecorded voice was used. This request also seeks copies of any recordings of those calls, including copies of any artificial or prerecorded voice messages or scripts used by Defendant, or its vendors or agents, in connection with calls it made, or caused to be made, to Plaintiff, to (760) ■■■-7071.

3. Documents and electronically stored information sufficient to identify Defendant's use, or directed use, of an artificial or prerecorded voice in connection with outbound calls to customers, potential customers, or accountholders.

4. Documents and electronically stored information sufficient to identify the unique telephone numbers to which Defendant made, or caused to be made, a call or calls in connection with which an artificial or prerecorded voice was used.

5. For the telephone numbers Defendant identifies through its answer to interrogatory no. 5, and through its response to request for production no. 4, documents and electronically stored information sufficient to identify those for which Defendant's records show that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

6. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-6, and through its responses to request for production nos. 4-5, documents and electronically stored information sufficient to identify those to which Defendant made, or caused to be made, a call or calls in connection with which an artificial or prerecorded voice was used, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

7. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-7, and through its responses to requests for production nos. 4-6, documents and electronically stored information sufficient to identify those that were, or that Defendant's records indicate were, assigned to a cellular telephone service.

8. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-8, and through its responses to request for production nos. 4-7, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used.

9. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-9, and through its responses to request for production nos. 4-8, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used, after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

10. Documents and electronically stored information sufficient to identify the persons or unique telephone numbers that fall within the class definition found at paragraph 36 of Plaintiff's amended class action complaint, including any documents and electronically stored information sufficient to identify those who Defendant believes provided prior express consent to receive artificial or prerecorded voice calls from Defendant.

11. For the telephone numbers Defendant identifies through its answer to interrogatory no. 12, and through its response to request for production no. 10, documents and electronically stored information sufficient to identify the calls Defendant made, or caused to be made, to them, in connection with which an artificial or prerecorded voice was used, including after Defendant's records showed that a called party was not the person Defendant intended to reach by placing a call to one of the telephone numbers, or that a person associated with one of the telephone numbers indicated Defendant contacted the wrong person or telephone number, or that a vendor or third party identified one of the telephone numbers as a wrong or potential wrong number.

12. Documents and electronically stored information sufficient to identify the system or software Defendant used to document or otherwise memorialize details of communications, or attempted communications, between Defendant and Plaintiff, or between Defendant and (760) ███-7071—including the date, time, substance of, and disposition of, the communications or attempted communications.

13. Documents and electronically stored information that reference the manner by which Defendant documents or otherwise memorializes a person's indication that Defendant contacted the wrong person, wrong telephone number, or made, or caused to be made, a

5

call to a reassigned telephone number, or intending to reach a prior owner of, user of, or subscriber to, the telephone number. This request also includes documents that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to be made a call, is associated with the individual Defendant intends to reach at the telephone number called.

14. Documents and electronically stored information sufficient to identify the reason(s) Defendant placed, or caused to be placed, calls to Plaintiff, or to (760) ███-7071, and the intended recipient(s) of Defendant's calls, including documents sufficient to identify all customers, potential customers, or accountholders that Defendant associates with telephone number (760) ███-7071, any account records for the account(s) or agreement(s) Defendant associates with Plaintiff, or with (760) ███-7071, as well as any documents and electronically stored information sufficient to identify any business relationship, agreement(s), or account(s) Defendant has, or had, with Plaintiff.

15. Policies, practices, procedures, audits, reports, complaints and reviews that Defendant uses or used to avoid violations of the Telephone Consumer Protection Act ("TCPA"), including documents and electronically stored information sufficient to identify any training Defendant provides to its employees regarding how to notate calls when informed it is calling the wrong person or wrong telephone number or regarding Defendant's use of an artificial or prerecorded voice, as it pertains to calls to wrong or reassigned, or allegedly wrong or reassigned, telephone numbers, as well as documents and electronically stored information that reference the manner by which Defendant determines whether a telephone number to which it makes a call, or causes to be made a call, is assigned to a cellular telephone service. This request encompasses complaints from persons about calls Defendant made, or caused to be made, to wrong or reassigned, or allegedly wrong or reassigned, telephone numbers. This request also encompasses any document and electronically stored information retention and destruction policies and procedures, as well as any changes in those policies or procedures, as they relate to documentation of calls Defendant made, or caused to be made, in connection with which an artificial or prerecorded voice was used.

16. Documents and electronically stored information sufficient to identify any vendors or other third parties that Defendant used during the relevant time period to determine whether telephone numbers to which it places, or causes to be placed, calls, are assigned to a cellular telephone service, or to determine whether telephone numbers to which it places, or causes to be placed, calls, are assigned to Defendant's customers or potential customers or accountholders.

17. Documents and electronically stored information Defendant contends support the factual bases for its affirmative defenses.

18. Documents and electronically stored information Defendant contends is evidence of express consent it had, or has, to place calls to Plaintiff, or to (760) ███-7071, using an artificial or prerecorded voice.

6

19. For the telephone numbers Defendant identifies through its answers to interrogatory nos. 5-9 and through its responses to request for production nos. 4-8, documents and electronically stored information Defendant contends is evidence of express consent it had, or has, to place calls using an artificial or prerecorded voice, to those telephone numbers.

20. For the persons or telephone numbers that fall within the class definition found at paragraph 36 of Plaintiff's amended class action complaint, ECF No. 1, documents and electronically stored information Defendant contends is evidence of express consent it had, or has, to place calls using an artificial or prerecorded voice, to those telephone numbers or persons.

21. Documents and electronically stored information sufficient to identify Defendant's use of the Federal Communications Commission's Reassigned Numbers Database, including the results of any searches or scrubs Defendant performed on any telephone numbers referenced by these discovery requests.

22. Results of any scrubs or other analysis performed on telephone number (760) ███-7071 by one of Defendant's vendors or another third party on behalf of or at the direction of Defendant, including with reference to the Federal Communications Commission's Reassigned Numbers Database.

23. Documents and information sufficient to identify from whom, for what purpose, when, from where, why, and how, Defendant obtained or procured telephone number (760) ███-7071, including any applicable disclosures and contract terms regarding the provision of prior express consent to receive calls with an artificial or prerecorded voice, as well as contracts or other written agreements between Defendant and the person(s) or entity(ies) that provided Defendant with telephone number (760) ███-7071.

**Requests for Admission**

1. Admit Defendant made, or caused to be made, calls to Plaintiff between July 30, 2021 and the present.

2. Admit Defendant made, or caused to be made, calls to telephone number (760) ███-7071 between July 30, 2021 and the present.

3. Admit Defendant made, or caused to be made, calls in connection with which an artificial or prerecorded voice was used, to Plaintiff, between July 30, 2021 and the present.

4. Admit Defendant made, or caused to be made, calls in connection with which an artificial or prerecorded voice was used, to telephone number (760) ███-7071, between July 30, 2021 and the present.

5. Admit Defendant made, or caused to be made, calls in connection with which an artificial or prerecorded voice was used, to Plaintiff between July 30, 2021 and the present, in an attempt to reach someone other than Plaintiff.

6. Admit Defendant made, or caused to be made, calls in connection with which an artificial or prerecorded voice was used, to telephone number (760) ■-7071 between July 30, 2021 and the present, in an attempt to reach someone other than Plaintiff.

7. Admit Defendant made a call to telephone number (760) ■-7071 June 18, 2024.

8. Admit Defendant made a call to telephone number (760) ■-7071 on June 20, 2024.

9. Admit Defendant used an artificial or prerecorded voice in connection with the call it made to telephone number (760) ■-7071 on June 18, 2024.

10. Admit Defendant used an artificial or prerecorded voice in connection with the call it made to telephone number (760) ■-7071 on June 20, 2024.

11. Admit Defendant does not have any business relationship with Plaintiff.

12. Admit Defendant did not have any business relationship with Plaintiff at any time between July 30, 2021 and the present.

13. Admit Defendant has no records of an account with Plaintiff.

14. Admit Defendant has no records of Plaintiff requesting an estimate from it.

15. Admit Defendant did not obtain telephone number (760) ■-7071 from Plaintiff.
16. Admit Plaintiff did not provide telephone number (760) ■-7071 to Defendant.

17. Admit Defendant does not have a written or electronic document from Plaintiff by way of which Plaintiff gave permission for Defendant to make, or cause to be made, calls to telephone number (760) ■-7071 using, or causing to be used, an artificial or prerecorded voice.

18. Admit Plaintiff did not give permission for Defendant to make, or cause to be made, calls to telephone number (760) ■-7071 using, or causing to be used, an artificial or prerecorded voice.

19. Admit Plaintiff did not give Defendant express consent to make, or cause to be made, calls to telephone number (760) ■-7071 using, or causing to be used, an artificial or prerecorded voice.

20. Admit Defendant does not have a written or electronic document from Plaintiff by way of which he gave permission for Defendant to make, or cause to be made, calls using, or caused to be used, an artificial or prerecorded voice, to telephone number (760) ■-7071, intended for a third party.

21. Admit Defendant does not have a written or electronic document from Plaintiff by way of which he gave permission for Defendant to make, or cause to be made, calls using, or causing to be used, an artificial or prerecorded voice, to telephone number (760) ███-7071, intended for someone other than Plaintiff.

22. Admit Plaintiff did not give permission for Defendant to make, or cause to be made, calls using, or causing to be used, an artificial or prerecorded voice, to telephone number (760) ███-7071, intended for someone other than Plaintiff.

23. Admit Plaintiff did not give Defendant express consent to make, or cause to be made, calls using, or causing to be used, an artificial or prerecorded voice, to telephone number (760) ███-7071, intended for someone other than Plaintiff.

24. Admit Defendant does not use the Federal Communications Commission's Reassigned Numbers Database.

25. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database between July 30, 2021 and the present.

26. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database between July 30, 2021 and June 30, 2024.

27. Admit Defendant did not use the Federal Communications Commission's Reassigned Numbers Database with respect to telephone number (760) ███-7071 at any time between July 30, 2021 and June 30, 2024.

RESPECTFULLY SUBMITTED AND DATED this 3rd day of October, 2025.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
PA Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

CERTIFICATE OF SERVICE

I certify that on October 3, 2025, I emailed the foregoing to counsel for the Defendant.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.

9