IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ASHER BRONSTIN, *individually and on behalf of all others similarly situated*,<br><br>Plaintiff,<br><br>v.<br><br>UPSTART NETWORK, INC.,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:25-cv-01410-JKM<br>) (Hon. Julia K. Munley)<br>)<br>)<br>) |

**PROTECTIVE ORDER**

The Court finds that this action may involve the disclosure of personal, confidential, trade secret, proprietary, technical, business, and/or financial information (hereinafter referred to collectively as "confidential information" or "confidential material"). Accordingly, for good cause, it is **ORDERED AS FOLLOWS**:

1. All confidential information in this case shall be used solely for the purpose of this action and for no other purpose. In no event shall any person receiving confidential information use it for commercial or competitive purposes, make any public disclosure of the contents thereof, or use it in any other lawsuit or arbitration, other than in conjunction with prosecuting or defending this action.

2. If any answer given or document produced in response to any discovery or otherwise provided in this case contains any confidential information, the producing party may mark such information or document as "CONFIDENTIAL." Any information or document so marked shall not be disclosed to any person except as may be permitted by

63376698 v1

this Protective Order. The designation of any information as "CONFIDENTIAL" shall be made in good faith.

3.  This Protective Order shall not abrogate or diminish any contractual, statutory, or other legal obligation or right of any party or person with respect to confidential information.

4.  The aforesaid designation as to documents shall be made by placing a rubber stamp impression, label, watermark, or other mark of the word "CONFIDENTIAL" on each page of the document which the designating party wishes to designate as confidential. All documents so designated shall be labeled prior to the transmission of a physical and/or electronic copy thereof to the receiving party. Any and all medical records received by virtue of responses to subpoena or by production requests supplied by either party shall be assumed confidential. No designation of medical records as "CONFIDENTIAL" is necessary for purposes of this Protective Order.

5.  The parties may designate portions of deposition testimony as "CONFIDENTIAL" by so designating such testimony before, during or after the deposition. If testimony is designated as "CONFIDENTIAL," the designating party will clearly state on the record the reason for such designation. Simply denominating testimony as confidential is insufficient for purposes of this Order. The designation of testimony as confidential will not render the entire deposition as confidential. Only the specific portion of the testimony will receive a preliminary confidential designation. If testimony is designated as confidential following the deposition, said designation must be made no later than 30 days after receipt of said deposition transcripts. Any court reporter who transcribes

testimony in this action at a deposition shall agree, before transcribing any such testimony, that all "CONFIDENTIAL" testimony is and shall remain confidential and shall not be disclosed except as provided in this Order; the copies of any transcript, reporter's notes, or other transcription records of any such testimony shall be retained in absolute confidentiality and safekeeping by such reporter, or delivered to attorneys of record, or filed under seal with the forum where this matter is pending.

6. Subject to the provisions below, information and documents designated as "CONFIDENTIAL" shall be disclosed only to the Court, the parties, their attorneys, witnesses or potential witnesses, and persons assisting counsel. As used herein, the term "parties" includes the parties' officers, directors, and employees in a management capacity. As used herein, the phrase "persons assisting counsel" shall mean clerks, paralegals, and secretaries in the regular employ of the parties' counsel, as well as any expert whose technical advice is being or will be used in connection with this action, either in preparation for trial or in the trial itself.

7. If any party or attorney for any party in this action desires to give, show, make available, or communicate any information or document designated "CONFIDENTIAL" by another party to any person, such as to a person assisting counsel or to any witness, potential witness, and/or expert witness, or to a party to this action who has not previously agreed to this Order, the attorney or party shall first give a copy of this Protective Order to such person, who shall read this Protective Order, be fully familiar with its provisions, and execute a written affirmation, attached hereto as Exhibit A, agreeing to

its terms. If such person refuses to execute the affirmation, the confidential information shall not be disclosed to the person.

8. Production of any document or material without a designation of "CONFIDENTIAL" will not be deemed to waive a party's claim as to its confidential nature or estop the party from so designating the particular document or material as confidential at a later date whether by reference to Bates numbers or otherwise. Disclosure of such document or material by any party prior to such designation, however, shall not be deemed in violation of the provisions of this Protective Order. "CONFIDENTIAL" documents produced by any party or nonparty through discovery in this action prior to the entry of this Protective Order by the Court shall be subject to the provisions of this Protective Order to the same extent as if this Protective Order had already been entered by the Court, unless the Court directs otherwise.

9. The Protective Order shall not, in itself, be construed to waive any applicable privilege, work product protection, or other protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege, work product protection, or other protection.

10. With respect to any information or document, or portion thereof, which has been designated "CONFIDENTIAL," any party may at any time serve a written notice of objection to such designation. Counsel shall attempt to resolve the dispute informally. If no agreement can be reached, counsel may move the Court for an order denying confidential treatment to the documents or information in question. If such a motion is filed, the documents and/or information shall be kept confidential pending a ruling on the

motion. The party asserting confidentiality has the burden to prove that the documents and/or information deserve such treatment.

11. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed incorporate documents or information subject to this Order, the party filing such papers shall redact such materials, or portions thereof, and designate them as "Confidential"; that is, only a filing having the confidential information deleted therefrom may be made part of the public record. No person shall file another party's Confidential documents or information with the Court or use another party's Confidential documents or information in public Court proceedings without the producing party's consent. Absent such consent, the party wishing to file the Confidential documents or information shall present a motion to file the document(s) under seal and, in doing so, shall comply with all requirements and procedures for moving to file a document under seal.

12. After the termination of this action, the restrictions on communications and disclosures provided for herein shall continue to be binding upon the parties and upon all of the persons to whom documents, or other items of discovery designated as "CONFIDENTIAL" or material contained herein have been communicated or disclosed pursuant to the provisions of this Protective Order or any other order of the Court. Further, at the conclusion of this action, all documents designated as "CONFIDENTIAL," including all copies that may have been disclosed to expert witnesses or other third parties, shall be returned to the party that produced it or destroyed.

13. All information or documents designated as "CONFIDENTIAL" during the course of the action, including any and all copies, summaries, sketches, data, compilations,

extracts and/or reproductions thereof, shall be returned to the producing party or destroyed within ten (10) days after final disposition of the action.

14. This Protective Order is intended to provide a mechanism for the handling of confidential documents and information. It is not intended by the parties to act as a waiver of the right to object to any disclosure of information or production of any documents they deem confidential on any grounds they may deem appropriate, including, without limitation, confidentiality, relevance, or privilege. Further, the provisions of this Protective Order shall not affect the admissibility of evidence at trial or any preliminary evidentiary proceeding, except as directed by separate order entered for good cause shown.

15. Nothing in this Protective Order shall preclude any of the parties from otherwise seeking a modification of this Protective Order.

**DONE** and **DATED** this the 24th day of November, 2025.

_____
Hon. Julia K. Munley
United States District Judge

**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASHER BRONSTIN, *individually and on behalf of all others similarly situated*,<br><br>    Plaintiff,<br><br>v.<br><br>UPSTART NETWORK, INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No. 1:25-cv-01410-JKM<br>) (Hon. Julia K. Munley)<br>)<br>)<br>) |

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

The undersigned acknowledges having been provided with and having read the Protective Order in this matter. The undersigned further agrees he/she (i) is bound under the Protective Order, (ii) will comply with all of its provisions, and (iii) is subject to the jurisdiction of the Court for all purposes arising under the Protective Order, including enforcement of its terms.


DATED: _____, 2025.


                                                                           _____
                                                                             Signature


                                                                           _____
                                                                             Printed Name