IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ASHER BRONSTIN,                      :      No. 1:25cv1410
individually and on behalf of        :
all others similarly situated,       :      (Judge Munley)
                                     :
                        Plaintiff    :
          v.                         :
                                     :
                                     :
UPSTART NETWORK, INC.                :
                        Defendant    :
:::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM ORDER

Before the court is a motion to bifurcate discovery filed by Defendant

Upstart Network, Inc. ("Upstart") in this putative class action, which asserts a

claim under the Telephone Consumer Protection Act of 1991 ("TCPA").[1] (Doc.

16). The motion will be denied.

Upstart is involved in moneylending. Plaintiff Asher Bronstin alleges that

he received three loan-related robocalls from Upstart on May 12, May 19, and

June 17, 2024 on his personal, residential telephone number despite never being

a customer of the defendant and never consenting to receipt of telemarketing

calls. (Doc. 1, Compl., ¶¶ 16–21, 28–30). He contends that Upstart violated the

TCPA, 47 U.S.C. § 227(b), by sending or causing the robocalls to be sent without

---

[1] "The TCPA protects businesses and consumers from intrusive telemarketing communications." McLaughlin Chiropractic Assocs., Inc. v. McKesson Corp., 606 U.S. 146, 149 (2025).

his consent.[2] Id. ¶¶ 44–47.  He seeks to certify this matter as a class action under Federal Rule of Civil Procedure 23. Id. ¶ 36.

Upstart denies most of Bronstin's allegations. (Doc. 9, Ans.).  The defendant however, does *not* deny that the calls were made. Id. ¶¶ 21–25. Rather, Upstart challenges Bronstin's ownership and use of the telephone number that received the calls. See e.g. id. ¶¶ 21, 23–25 ("To the extent that a response is required, Upstart denies that the telephone number at issue was assigned to Plaintiff…and demands strict proof.")  This challenge also forms one of Upstart's 58 asserted defenses to this case.  Id., Twenty-Second Defense.

Along the same lines, Upstart filed the instant motion seeking to order discovery as follows:

(1) Bifurcate discovery for a 90-120 day period regarding:

(a) When the telephone number at issue was assigned to him;

(b) His relationship with Upstart's customer; and

(c) The number of telephones Mr. Bronstin has, and when and why they were obtained; and

---

[2] The TCPA "makes it unlawful to use an automatic telephone dialing system or an artificial or prerecorded voice message, without the prior express consent of the called party, to call any… cellular telephone, or other service for which the receiver is charged for the call." Mims v. Arrow Fin. Servs., LLC, 565 U.S. 368, 373 (2012) (citing 47 U.S.C. § 227(b)(1)(A)).  The TCPA also "forbids using artificial or prerecorded voice messages to call residential telephone lines without prior express consent. Id. (citing 47 U.S.C. § 227(b)(1)(B)).  "In plain English, the TCPA prohibited almost all robocalls to cell phones." Barr v. Am. Ass'n of Pol. Consultants, Inc., 591 U.S. 610, 615 (2020) (footnote omitted).

(2) Only permit class discovery to proceed if the limited discovery outlined above does not dispose of Mr. Bronstin's claims.

(Doc. 17, Def. Br. in Supp. at 19).  This proposal necessarily requires a stay of class discovery while individual discovery is completed.

With the motion, Upstart asks the court to hold several things against Bronstin in the discovery phase of this litigation, namely that: 1) he is a frequent TCPA litigant; 2) other defendants in other TCPA cases have accused Bronstin of baiting calls to trigger a TCPA lawsuit; and 3) Bronstin owns or has owned at least five other phone numbers based on allegations in his different TCPA lawsuits.  Id. at 1, 5, 7, nn.1, 7.

Upstart additionally asserts that its own investigation has uncovered some discrepancies.  That is:

1) In December 2022, an individual applied for and obtained a personal loan using the Upstart lending platform, providing the telephone number at issue in this lawsuit along with consent to contact that number. Id. at 3, 9.

2) Thereafter, Upstart made calls and sent texts to that phone number and also received communications from the phone number.  The person on the other end of the phone line identified themselves as Upstart's customer. Id. at 3.

3) In March 2024, prior to the calls at issue in May and June 2024, Upstart queried the Federal Communications Commission's ("FCC") reassigned number database and received information indicating that the subject phone number had not been reassigned. Id. at 4, 9.

4) Between March and May 2024, Upstart called and texted the subject phone number and received no indication that it had been permanently disconnected. Id.

5) A reverse phone number search by Upstart's counsel indicates that the phone number was associated with Bronstin from 2010 to 2017, before the 2022 loan application and Upstart's calls and texts to that phone number. Id. at 4, 9–10.

6) On April 16, 2025, Upstart received a call from its customer using a telephone number that was not the subject number. Id. at 5.

7) Upstart could not locate the customer's account with that phone number or the other number provided, which was also not the phone number at issue in this case. Id.

In short, Upstart's defense to Bronstin's claim and the request for individualized discovery are grounded in the same overarching premise: we called this phone number, but the number belonged to our customer, not a perennial TCPA litigant, who has been accused of fraud in at least one other case.[3]

In opposition, Bronstin argues that bifurcated discovery will be inefficient and prejudicial and that Upstart's argument rests on factual premises that can be easily addressed. (Doc. 19 at 2). That is, the plaintiff has already supplied Upstart with phone bills for the telephone number at the heart of this dispute and evidence that the number was reassigned to him. Id.; see also Docs. 20-1 and 20-2, Pl. Exs. A-B.

---

[3] Upstart has not asserted a fraud counterclaim against the plaintiff in this case.

4

There is no Federal Rule of Civil Procedure directly addressing a motion for bifurcation of discovery. However, courts have broad discretion in managing discovery, including the decision whether to conduct discovery in phases. See FED. R. CIV. P. 1 (the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding"), 26(b)(1) (authorizing courts to limit the scope of discovery); 42(b) (authorizing courts to order a separate trial on one or more issues, "[f]or convenience, to avoid prejudice, or to expedite and economize."); see also Bandai Am. Inc. v. Bally Midway Mfg. Co., 775 F.2d 70, 74 (3d Cir. 1985) ("Bifurcation orders and orders controlling the order of discovery are reviewed for abuse of discretion.").

As the party seeking bifurcation, Upstart has the burden of demonstrating that it will be more convenient, less prejudicial, more expeditious, and more economical. Clarity Sports Int'l LLC v. Redland Sports, 400 F. Supp. 3d 161, 184 (M.D. Pa. 2019) (citation omitted). Upstart has not met that burden here. Rather, Upstart has demonstrated that bifurcation will be only more convenient, less prejudicial, more expeditious, and more economical to its interests and its interests alone. Thus, the motion will be denied.

Class determinations generally involve considerations that are enmeshed in factual and legal issues comprising plaintiff's cause of action. Wal-Mart Stores,

5

Inc. v. Dukes, 564 U.S. 338, 351 (2011) (citation omitted). Where individual issues overlap with the class certification issues, a court has reason enough to deny a bifurcation motion. See e.g. Klassen v. SolidQuote LLC, No. 23-CV-00318-GPG-NRN, 2023 WL 5497865, at *2 (D. Colo. Aug. 23, 2023).

The issues raised here are disputes over Bronstin's credibility, not threshold legal questions warranting restructured discovery. It appears as if this dispute involves Upstart calling a phone number that may or may not have been reassigned. It is both a plaintiff-focused and class-focused endeavor to uncover whether Upstart directed robocalls to reassigned phone numbers owned by individuals who did not consent to receive them. If Bronstin engaged in some elaborate scheme with a third party to swap numbers and bait calls, unified discovery will reveal that evidence along the way. A plaintiff's credibility is at issue in every case. Upstart has not demonstrated why this case requires different treatment.

The court is also not convinced that bifurcation would be more expeditious and economical. With bifurcated discovery, the court will create a new possible dispute: whether the requests exchanged are seeking information related to individualized discovery or class discovery. Additionally, if Upstart intended to file a dispositive motion at the end of this proposed phase, the record already includes evidence that appears to demonstrate a genuine dispute of material

6

fact. If a dispositive motion is filed on the plaintiff's individual claim and is denied, class discovery would then proceed after the parties had expended additional time and money. It would be more expeditious and economical to have a single phase of individualized and class discovery that leads to a class certification motion.[4]

Accordingly, it is hereby **ORDERED** that Upstart's motion to bifurcate discovery, (Doc. 19), is **DENIED**. A case management conference will be scheduled by way of a separate order.

Date: 4/1/26

**BY THE COURT:**

**JUDGE JULIA K. MUNLEY**
**United States District Court**

---

[4] Defendants' remaining standing-adjacent arguments fare no better. Bronstin's history as a repeat TCPA litigant does not deprive him of standing. See Mey v. Venture Data, LLC, 245 F. Supp. 3d 771, 783 (N.D.W. Va. 2017). Bronstin's counsel's history as a repeat TCPA litigant does not deprive Bronstin of standing. See Perrong v. Victory Phones LLC, No. CV 20-5317, 2021 WL 3007258, at *4 (E.D. Pa. July 15, 2021) (Pratter, J.).