Andrew R. Perrong
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529
Fax: 888-329-0305
E-mail: a@perronglaw.com

*Counsel for Plaintiff*

Jackson C. Burrow
Identification No. 335420
Joshua H. Threadcraft
Admitted *Pro Hac Vice*
Burr & Forman LLP
420 North 20th Street, Suite 3400
Birmingham, AL  35203
Telephone: (205) 251-3000
Facsimile: (205) 458-5100
jburrow@burr.com
jthreadcraft@burr.com

*Counsel for Defendant Upstart Network, Inc.*

66983074 v1

**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ASHER BRONSTIN, *individually and on behalf of all others similarly situated*, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Civil Action No. 1:25-cv-01410-JKM ) (Hon. Julia K. Munley) |
| UPSTART NETWORK, INC., | ) ) |
| Defendant. | ) |

**JOINT CASE MANAGEMENT REPORT**

Plaintiff Asher Bronstin ("Plaintiff") and Defendant Upstart Network, Inc.

("Defendant" or "Upstart") (collectively the "Parties"), by and through their

respective undersigned counsel, having complied with the meet and confer

requirements set forth in the LOCAL RULES or with orders specifically modifying

their application in the above-captioned matter and this Court's April 1, 2026, Order

(ECF No. 27), hereby submit the following Joint Case Management Plan.

**1.    Principal Issues.**

**1.1.    Separately for each party, please give a statement summarizing this
case:**

**By plaintiff(s):**

Plaintiff contends that the Defendant, placed at least three pre-recorded calls to his

cell phone on the National Do Not Call Registry in violation of the TCPA. The

Plaintiff has had no prior relationship with the Defendant and believes that the calls

2

66983074 v1

were intended for someone else. Based on the foregoing conduct, the Plaintiff pleads the following class:

Robocall Class: Plaintiff and persons throughout the United States (1) to whom Defendant placed a call, (2) directed to a number assigned to a cellular telephone service or other protected service, but not assigned to a Defendant customer or accountholder, (3) in connection with which Defendant used an artificial or prerecorded voice, (4) from four years prior to the filing of this case through the date of class certification.

### By defendant(s):

This case is still in the early stages and Defendant has not completed its investigation or factual discovery and reserves the right to supplement and/or amend this statement summarizing the case. Defendant states that based on its investigation to date, it does not appear that Plaintiff had an account with Defendant at the time of the alleged contacts placed at issue. Defendant denies Plaintiff's remaining statement of facts and that Plaintiff can prevail on the claims asserted, whether individually or on behalf of putative class members.

### 1.2    The facts the parties <u>dispute</u> are as follows:

1.    Whether Plaintiff received the telephone calls placed at issue in the Complaint.

2.    Whether the calls at issue were made using a prerecorded voice.

3.    Whether the calls at issue delivered identical messages.

The Parties reserve the right to supplement and/or amend this statement.

66983074 v1

**Agree** upon are as follows:

1.  Defendant placed at least three calls to the telephone number 760-484-7071.

2.  Based on Upstart's investigation to date, Plaintiff does not have, and did not have, an account with Upstart.

The Parties reserve the right to supplement and/or amend this statement.

**1.3    The legal issues the parties dispute are as follows:**

1.    Whether Plaintiff can state a claim for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b);
2.    Whether Plaintiff has standing to prosecute the claims at issue in the Complaint;
3.    Whether Plaintiff was assigned the telephone number placed at issue in the Complaint at the time of the calls placed at issue;
4.    Whether Plaintiff can satisfy the requirements for class certification; and
5.    Whether any alleged violation of the TCPA was "willful" or "knowing."

The Parties reserve the right to supplement and/or amend this statement.

**Agree upon are as follows:**

None.

**1.4    Identify any unresolved issues as to service of process, personal jurisdiction or venue:**

Upon information and belief, Plaintiff is a resident and citizen of the State of California. Defendant is a Delaware Corporation with its principle place of business located in the State of California. According to the Complaint, the sole basis articulated for prosecuting this lawsuit in the State of Pennsylvania is that Defendant is "registered to do business in Pennsylvania, with its registered agent office address in Dauphin County, which lies within this District." Defendant reserves the right to challenge the venue in which litigation was initiated on

66983074 v1

*forum non conveniens* or other grounds. Additionally, Defendant also reserves the right to challenge whether the Court has personal jurisdiction over putative class members.

**1.5    Identify the named parties that have not yet been served:**

None.

**1.6    Identify any additional parties that:**

**plaintiff(s) intend to join:** None at this time.

**defendant(s) intends to join:** Defendant's preliminary investigation has raised questions regarding the assignment of the telephone number at issue in the Complaint both before and at the time of the alleged contacts placed at issue. As a result, Defendant reserves the right to join additional Parties whose identity may come to light through discovery to the extent that discovery supports a claim against such individuals.

**1.7    Identify any additional claims that:**

**plaintiff(s) intends to add:** None at this time. Plaintiff reserves the right to allege violations of the TCPA's telemarketing regulations in the event discovery reveals that the calls were placed for telemarketing purposes.

**defendant(s) intends to add:** Defendant's preliminary investigation has raised questions regarding the assignment of the telephone number placed at issue in the Complaint both before and at the time of the alleged contacts at issue. As a result, Defendant reserves the right to assert a counterclaim and join additional Parties whose identity may come to light through discovery to the extent that discovery supports such claims.

**2.0    Disclosures**

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so within the time provided by that rule.

66983074 v1

Defendant served initial disclosures on October 3, 2025.

**2.1    Separately for each party, list by <u>name and title/position</u> each person whose identity has been disclosed.**

**Disclosed by Plaintiff:**

| **Name** | **Title/Position** |
| --- | --- |
| Asher Bronstin | Plaintiff |
| T-Mobile | Wireless Carrier |
| Any individual identified in Defendant's Rule 26 disclosures, written discovery, third party discovery or deposition | Third Parties |
| The prior holder of the telephone number to which the calls were placed, | Third Parties |
| Dominic Taylor | Third Parties |

**Disclosed by Defendant:**

| **Name** | **Title/Position** |
| --- | --- |
| Asher Bronstin | Plaintiff |
| Corporate Representative(s) of Defendant | Defendant |
| T-Mobile | Wireless Carrier |
| Verizon | Wireless Carrier |
| Any individual identified in Plaintiff's Rule 26 disclosures, written discovery, third party discovery or deposition | Third Parties |
| The prior holder of the telephone number placed at issue in the case | Third Parties |

6

**3.    Early Motions**

Identify any motion(s) whose early resolution would <u>likely</u> have a significant effect either on the scope of discovery or other aspects of the litigation:

| <u>Nature of Motion</u> | <u>Moving Party</u> | <u>Anticipated Filing Date</u> |
|---|---|---|
| Motion for Summary Judgment | Defendant | See Section 6. |
| Motion for Class Certification | Plaintiff | See Section 6. |

**4.    Discovery.**

**4.1    Briefly describe any discovery that has been completed or is in progress:**

**By plaintiff(s):** Plaintiff served initial discovery on Defendant on October 3, 2025. Plaintiff served a second round of discovery on February 17, 2026.

**By defendant(s):** Defendant served a subpoena on Verizon Wireless and T-Mobile on November 12, 2025, and a subpoena on Cellco Partners on March 12, 2026. Defendant also served a Notice of Plaintiff's Deposition on October 14, 2025, and Interrogatories, Requests for Production and Requests for Admission on April 15, 2026.

**4.2    Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

Defendant will depose Plaintiff regarding his claims, allegations in the Complaint, the circumstances surrounding how and why he became associated with the telephone number placed at issue in the lawsuit, any relationship Plaintiff has with prior subscribers and customary users of the phone number, other telephone numbers Plaintiff has or had,

7

including why they were obtained and what they were used for, lawsuits Plaintiff has filed and other matters pertinent to Plaintiff's claims and Defendant's defenses.

Defendant also anticipates potentially deposing prior users or subscribers of the phone number placed at issue in the lawsuit to determine their use of the phone number, their relationship with Plaintiff and other matters that may be pertinent to the claims and defenses.

Defendant reserves to conduct other and additional discovery it deems appropriate as the case progresses.

**4.3** **Describe any <u>discovery</u> that one or more Parties want(s) to conduct but <u>to which another party objects</u>, indicating each such discovery undertaking its purpose or what kinds of information would be developed through it:**

**4.4.** **Identify any <u>subject area limitations on discovery</u> that one or more Parties would like imposed, at the first stage of or throughout the litigation:**

None at this time.

**4.5** **For each of the following discovery tools, <u>recommend the per-party or per-side</u> limitation (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the Parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

**4.5.1 depositions (excluding experts) to be taken by:**
     **plaintiff(s): <u>10</u>     defendant(s): <u>10</u>**

**4.5.2 interrogatories to be served by:**
     **plaintiff(s): <u>25</u>     defendant(s): <u>25</u>**

**4.5.3 document production requests to be served by:**
     **plaintiff(s): <u>65</u>     defendant(s): <u>50</u>**

66983074 v1

**4.5.4  requests for admission to be served by:**
**plaintiff(s)  50      defendant(s): 50**

**4.5.6  Discovery of Electronically Stored Information**

[X]   Counsel certify that they have conferred about the matters addressed in M.D. Pa LR 26.1 and that they are in agreement about how those matters will be addressed in discovery.

[ ]   Counsel certify that they have conferred about the matters addressed in M.D. Pa. LR 26.1 and that they are in agreement about how those matters will be addressed in discovery with the following exceptions:

## 5.0  Protective Order

**5.1   If entry of a protective order is sought, attach to this statement a copy of the proposed order. Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.**

The Parties requested, and the Court has entered a protective order. *See* (ECF Nos. 24, 25.)

**5.2   If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

N/A.

## 6.0  Scheduling

**6.1   Final date for joining additional parties**

6.1      Final date for joining additional parties:

10/16/2026  Plaintiff(s)

10/30/2026  Defendants (s)

66983074 v1

6.2     Final date for amending pleadings:

10/16/2026  Plaintiff(s)

10/30/2026  Defendant(s)

6.3     All fact discovery to be completed by: 4/23/2027

6.4     All potentially dispositive motions, including motions for class certification should be filed by: 5/28/2027

    6.4.1  All responses to potentially dispositive motions should be filed by: 7/16/2027

    6.4.2  All replies in support of potentially dispositive motions should be filed by:  8/20/2027

6.5     Reports from Retained Experts due:

from plaintiff(s) by: 1/15/2027

from defendant(s) by: 3/26/2027

6.6     Supplementations due by: 3/26/2027

6.7     All expert discovery commenced in time to be completed by 4/23/2027.

6.8     This case may be appropriate for trial in approximately.

      _____ 240 Days from the filing of the action in this court

      _____ 365 Days from the filing of the action in this court

      At an appropriate time after disposition of motions for class certification/dispostive motions. Days from the filing of the action in this court

6.9     Suggested Date for final Pretrial Conference.

10

<u>At an appropriate time after disposition of motions for class certification/dispositive motions.</u> (month/year)

**7.0   Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

Andrew R. Perrong
PERRONG LAW, LLC
2657 Mount Carmel Avenue
Glenside, PA 19038
Phone: 215-225-5529
Fax: 888-329-0305
E-mail: a@perronglaw.com
*Counsel for Plaintiff*

Joshua H. Threadcraft
Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile:  205-413-8701
E-mail:     JThreadcraft@burr.com
*One of the attorneys for Defendant*

**8.0   Alternative Dispute Resolution ("ADR")**

**8.1   Identify any ADR procedure to which this case already has been assigned or which the Parties have agreed to use.**

ADR procedure. The Parties have agreed to engage in private ADR.

Date ADR to be commenced: _____.

Date ADR to be completed: <u>5/28/2027</u>.

**8.2   If the Parties have been unable to agree on an ADR procedure, but one or more Parties believe that the case is appropriate for such a**

11

**procedure, identify the party or Parties that recommend ADR and the specific ADR process recommended:**

Defendant has found that settlement conferences with the Court can be of assistance to parties in resolving disputes, and believes that one would be beneficial in this case. Plaintiff is willing to have a settlement conference with the Court, but wishes to stress that such conference and settlement at this time would be on a classwide basis.

**8.3   If the Parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

N/A

**9.0   Consent to Jurisdiction by a Magistrate Judge Indicate whether all Parties agree, pursuant to 28 U.S.C. 636(c)(1), to have a magistrate judge preside as the judge of the case with appeal lying to the United States Court of Appeals for the Third Circuit:**

All parties agree to jurisdiction by a magistrate judge of this court: ____ Y ____ N __X__ .

If the parties agree to jurisdiction by a magistrate judge, please indicate below which location is desired for the proceedings:

_____ Scranton/Wilkes-Barre
_____ Harrisburg
_____ Williamsport

**10.0   Other Matters**

Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.

The Parties have agreed to cooperate concerning matters of privilege and protecting confidential/proprietary information. The Parties request that the Court enter an order providing, in accordance with Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502(b), that:

66983074 v1

The Parties agree, and this Court Orders, that inadvertent disclosure of information protected by the attorney-client, work-product privilege, or any other privilege, or trial preparation material shall not constitute a waiver of a valid claim of privilege. The Parties further agree, and this Court Orders, that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The Parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The Parties agree that the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the Parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The Parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The Parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

The Parties further stipulate and agree to electronic service of discovery requests and responses. The Parties further stipulate to electronic service of discovery documents when deemed reasonable in the eyes of the producing Party.

## 11.0   Identification of Counsel

Counsel shall be registered users of the court's Electronic Case Files System (ECF) and shall file documents electronically in accordance with the Local Rules of Court and the Standing Order RE: Electronic Case Filing Policies and Procedures. Electronic filing is required unless good cause is shown to the Chief Judge why counsel cannot comply with this policy. Any request for waiver of electronic filing must be filed with the Clerk's Office prior to the case management conference. The Chief Judge may grant or deny such request.

Identify by name, address, and telephone number lead counsel for each party. Also please indicate ECF User status below.

13

66983074 v1

Dated: 4/21/2026 <u>Andrew Roman Perrong</u>
     Attorney(s) for Plaintiff(s)
 [X]  ECF User(s)
 [ ] Waiver requested (as separate document)
 [ ] Fed.R.Civ.P. 7.1 (statement if necessary)


Dated: 4/21/2026 <u>Joshua Threadcraft</u>
     Attorney(s) for Defendant(s)
 [x]  ECF user(s)
 [ ]
 [x] Fed.R.Civ.P. 7.1 (statement if necessary)*


 * Fed.R.Civ.P.7.1 requires a nongovernmental corporate party to file a statement with the initial pleading, first entry of appearance, etc., that identifies any parent corporation and any publicly held corporation that owns 10% or more of its stock, or state there is no such corporation.


RESPECTFULLY SUBMITTED AND DATED this 21st day of April, 2026.


    <u>*/s/ Andrew Roman Perrong*</u>
    Andrew Roman Perrong, Esq.
    PA Bar #333687
    Perrong Law LLC
    2657 Mount Carmel Avenue
    Glenside, Pennsylvania 19038
    Phone: 215-225-5529 (CALL-LAW)
    Facsimile: 888-329-0305
    a@perronglaw.com

66983074 v1

*/s Joshua H. Threadcraft*
Joshua H. Threadcraft
Pro Hac Vice
Burr & Forman LLP
420 N. 20th Street, Suite 3400
Birmingham, AL 35203
Telephone: 205-251-3000
Facsimile: 205-458-5345
E-mail: JThreadcraft@burr.com

*Counsel for Defendant Upstart Network, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing via CM/ECF on the below date.

Date: April 21, 2026

*/s Jackson C. Burrow*
Jackson C. Burrow

15

66983074 v1